IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

LANCE DARRELL MARTIN,

        Petitioner,

v.                                                                       Civil Action No. 2:07CV63
                                                                      (JUDGE MAXWELL)

WARDEN JOE DRIVER,

        Respondent.

## REPORT AND RECOMMENDATION THAT PETITION UNDER 28 U.S.C § 2241 BE DENIED

### I. INTRODUCTION

On August 13, 2007, the *pro se* petitioner, Lance Darrell Martin, an inmate at USP Hazelton, filed a petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 seeking immediate release.[1] By Order dated August 20, 2007, petitioner's application to proceed *in forma pauperis* was granted; however, petitioner was required to pay the $5.00 filing fee.[2] On September 18, 2007, petitioner paid the filing fee,[3] and an Order to Show Cause was issued against the respondent.[4] The respondent filed his Response to Order to Show Cause on December 6, 2007.[5] On January 7, 2008, petitioner filed his Reply. Petitioner then filed a Motion for Oral Argument and Appearance to Present Oral Argument.[6]

---

[1] Docket No. 1

[2] Docket No. 7

[3] Docket No. 8

[4] Docket No. 9

[5] Docket No. 14

[6] Docket No. 19

## II. FACTS

On October 22, 1999, petitioner was arrested by the Salisbury Maryland Police Department. (Doc. 14-7, p. 1). Petitioner was released by state authorities, on bond, on November 5, 1999. (Id.) On March 3, 2000, petitioner was arrested by federal authorities on a charge brought in the United States District Court, District of Maryland for being a Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g). (Id.) Petitioner was released on bond by federal authorities on March 10, 2000. (Doc. 14- 4, p. 1). Maryland state authorities arrested petitioner on June 15, 2000 for violating probation and other charges. (Doc. 1-1, p. 8).

On July 21, 2000, the petitioner was taken into federal custody by the United States Marshal Service pursuant to a writ of habeas corpus *ad prosequendum* to face his federal charge. (Doc. 14-4, Pp. 1-2). Petitioner pleaded guilty to the felon in possession charge and was sentenced to seventy-seven months imprisonment on July 24, 2000. (Doc. 14-6, Pp. 1-2). The Judgment and Commitment Order was silent concerning whether petitioner's federal sentence was to run consecutive or concurrent with his state sentence. (Id.). The United States Marshal Service returned petitioner to state custody the same day, July 24, 2000. (Doc. 14-4, Pp. 1-2).

Petitioner was sentenced by the State of Maryland on October 20, 2000 and November 29, 2000. (Doc. 14-7, Pp. 1-2). Petitioner served part of his state sentence, was paroled by the State Department of Corrections, and was picked up by the United States Marshal Service on March 14, 2006, awaiting designation. (Doc. 14-4, Pp. 1-2).

Petitioner was in sole federal custody beginning March 14, 2006. (Doc 14-3, Pp. 1-3). The Bureau of Prisons began petitioner's sentence computation on that date. (Doc. 14-4, Pp. 1-2). (Doc. 14-7, Pp. 1-2). In completing their sentence computation, the Bureau of Prisons staff

2

wrote the federal Court that sentenced petitioner asking if the Court wanted to make a retroactive concurrent or consecutive designation on petitioner's sentence. (Doc. 14-10, Pp. 1-2). The Chief Judge for the United States District Court, District of Maryland, responded to the Bureau of Prisons letter, stating that he checked with the sentencing judge, and the sentencing judge declined to make a retroactive designation. (Doc. 14-9). The Bureau of Prisons determined that petitioner's federal sentence began March 14, 2006, absent an indication that petitioner's federal sentence should run concurrent with his state sentence. (Doc. 14-9).

Petitioner has a projected release date of May 20, 2011, including credit for time spent in custody that has not been credited toward another sentence, and projecting an award of good conduct time. (Doc. 14-3).

### III. ISSUES PRESENTED

**A.     The Petition**

The petitioner alleges that his federal sentence should have been calculated to begin July 24, 2000, the date federal sentence was pronounced, and run concurrently with his state sentence because federal authorities retained primary jurisdiction over him throughout the service of petitioner's state sentence.

**B.     Response to Show Cause Order**

The respondent argues that petitioner's sentence was properly calculated to commence on March 14, 2006 because:

(1)     the mere existence of a federal sentence does not commence that sentence;

(2)     a sentence is to be served consecutively absent clear indication that a sentence is to run concurrent with another; and

(3) a state does not relinquish state custody when producing a state prisoner under a writ of habeas corpus *ad prosequendum*.

## C. Petitioner's Reply

The petitioner alleges that his federal sentence should have commenced July 24, 2000, because the Bureau of Prison's failed to notice that petitioner's Judgment and Commitment Order: (a) does not have an order stating that petitioner's sentence is to run consecutively, and (b) stated that the defendant was remanded to the custody of the United States Marshal.

## IV. ANALYSIS

In general, a federal sentence commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). Nevertheless, in some cases, a federal sentence may begin prior to the date the Attorney General gains physical custody of the defendant. Title 18 U.S.C. Section 3621(b) gives the Bureau of Prisons the authority to "designate the place of [a] prisoner's imprisonment." Therefore, when a federal court orders its sentence to run concurrently with a previously imposed state sentence, a *nunc pro tunc* designation can be made, whereby the Bureau of Prisons designates a state facility as the place for service of a federal sentence. See United States v. Evans, 159 F.3d 908, 911-12 (4th Cir. 1998)(a federal sentence may commence on a defendant who is already in state custody "if and when the Attorney General or the Bureau of Prisons agrees to designate the state facility for service of the federal sentence.") Conversely, when a federal sentencing judge does not indicate whether a defendant is to serve his federal sentence consecutively or concurrently with a

4

previously imposed state sentence, the default position is that the federal sentence will be served consecutively because the federal sentence is one of secondary jurisdiction. See 18 U.S.C. § 3584(a); See also United States v. Saunders, 1998 WL 539482 (C.A.4 (N.C.)).

Here, the federal Court that sentenced petitioner did not note in the Judgment and Commitment Order whether petitioner's federal sentence should run consecutively or concurrently to the state sentence petitioner was serving. (Doc. 14-6, Pp. 1-2). Therefore, the Bureau of Prisons default position would have been to calculate petitioner's federal sentence as consecutive. However, the Bureau of Prisons went even further in petitioner's case, by asking the sentencing Court if it would like to make a retroactive designation on petitioner's sentence, otherwise, the Bureau of Prison's noted that absent a retroactive designation petitioner's sentence would be calculated to run consecutively. (Doc. 14-10, Pp. 1-2). The sentencing Court chose not to make a retroactive designation. (Doc. 14-9). Accordingly, petitioner's federal sentence was appropriately calculated in accordance with 3584(a) to run consecutive to his state sentence.

Furthermore, the mere fact that a state prisoner is in federal court pursuant to a federal writ of habeas corpus *ad prosequendum* does not mean that the prisoner's federal sentence has begun to run. "Rather, the state retains primary jurisdiction over the prisoner, and federal custody commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation." United States v. Evans, 159 F.3d 908 at 912. See also Thomas v. Whalen, 962 F.2d 358, 361 n.3 (4th Cir. 1992)("A prisoner is not even in custody for purposes of section 3585 when he appears in federal court pursuant to a writ *ad prosequendum*; he is merely 'on loan' to federal authorities.").

The Attorney General, through the Federal Bureau of Prisons, is responsible for computing federal terms of imprisonment. See United States v. Wilson, 503 U.S. 329 (1992). In making this computation, the BOP must adhere to 18 U.S.C. § 3585(b), which provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences (1) as a result of the offense for which the sentence was imposed or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; **that has not been credited against another sentence.**

(emphasis added).

The United States Supreme Court has held that under 18 U.S.C. § 3585(b), "Congress made clear that a defendant could not receive double credit for his detention time." Wilson, supra at 337. Therefore, under 18 U.S.C. § 3585(b), prior custody credit cannot be awarded if the prisoner has received credit towards another sentence. See U.S. v. Brown, 977 F.2d 574 (4th Cir, 1992)(Defendant may receive credit against his federal sentence for time spent in official detention prior to the date his sentence commences **unless it has been credited against another sentence**). (emphasis added); U.S. v. Goulden, 54 F.3d 774 (4th Cir. 1995)(credit is only available for time spent in custody which has not been credited against another sentence).

When Maryland released petitioner on bond on November 5, 1999, (Doc. 14-7, p. 1) the state relinquished primary custody. Federal authorities assumed custody of petitioner when they arrested him on March 3, 2000. (Id.). When petitioner was released on bond on March 10, 2000 (Doc. 14- 4, p. 1), federal authorities, relinquished custody. Maryland re-established custody of petitioner when Maryland authorities arrested petitioner on June 15, 2000. (Doc. 1-1, p. 8). Because petitioner entered federal custody pursuant to a writ of habeas corpus *ad prosequendum* on July 21, 2000, and was returned to Maryland state authorities on July 24, (Doc. 14-4, Pp. 1-2)

6

Maryland retained primary custody over petitioner. Because the petitioner cannot receive double credit, petitioner is not entitled to any further credit against his federal sentence before March 14, 2006 (the date his state sentence expired). Accordingly, petitioner has already received the maximum credit to which he is entitled under 18 U.S.C. § 3585(b).

## V. OTHER MATTERS

Petitioner's Motion for Oral Argument and Appearance to Present Oral Argument (Doc. 19) is **DENIED** as moot.

## VI. RECOMMENDATION

Based on the foregoing, the undersigned recommends that the petitioner's §2241 petition be **DENIED and DISMISSED WITH PREJUDICE**.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1);Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last know address as shown on the docket sheet. The Clerk of the Court is further directed to provide a copy of this Report

and Recommendation to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Filing in the United States District Court.

DATED: July 18, 2008

                                                    /s/ James E. Seibert
                                                JAMES E. SEIBERT
                                                UNITED STATES MAGISTRATE JUDGE